**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4679**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMONA OBERA TUCKER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:05-cr-00416-HMH)

Submitted:  January 30, 2008          Decided:  April 23, 2008

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina; David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramona Obera Tucker pled guilty to bank fraud, 18 U.S.C. § 1344 (2000), in 2005 and was sentenced to 144 months of imprisonment. We vacated Tucker's sentence and remanded her case for resentencing, finding that the 144-month sentence, which was a 480% increase over the high end of her Sentencing Guidelines range, was unreasonable. See United States v. Tucker, 473 F.3d 556, 564-65 (4th Cir. 2007). On remand, the district court held another sentencing hearing, calculated Tucker's Sentencing Guidelines range, listened to the arguments of counsel, and, after making extensive findings under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), sentenced Tucker to a variance sentence of 72 months. Tucker timely appeals and her counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging there are no meritorious issues on appeal but raising the following issue: whether the district court plainly erred by sentencing Tucker to 72 months of imprisonment. In her pro se supplemental brief, Tucker alleges that the district court failed to adequately explain its upward variance sentencing. For the reasons that follow, we affirm.

Based on the Supreme Court's recent opinions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), we find that the district court's 72-month sentence was reasonable, as the district court did not

abuse its discretion by imposing an upward variance sentence in light of its comprehensive findings under § 3553(a) that a longer sentence was necessary. See Gall, 128 S. Ct. at 591 (holding that an appellate court reviews a sentence to determine whether it is unreasonable with regard to § 3553(a), applying a "deferential abuse-of-discretion standard"); Kimbrough, 128 S. Ct. at 570 (noting that, while § 3553(a) requires the sentencing court to give due consideration to the Guidelines, Booker allows the sentencing court to fashion the sentence in light of other statutory considerations); see also United States v. Pauley, 511 F.3d 468 (4th Cir. 2007). Contrary to Tucker's pro se claims, the district court gave numerous reasons for its 72-month sentence, specifically tying those findings to the § 3553(a) factors.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Tucker's conviction and sentence. This court requires that counsel inform Tucker, in writing, of the right to petition the Supreme Court of the United States for further review. If Tucker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tucker. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED